REGAN, Judge.
Plaintiffs, George and Zenobia Teaplo, instituted this suit against the defendants, Brandin Slate Company, Inc. and its liability insurer, Ocean Accident and Guarantee Corporation, Ltd., endeavoring to recover the sum of $12,060 for personal injuries sustained by Zenobia Teaplo, together with medical expenses and property damage incurred by her husband, as the result of a collision between plaintiffs’ truck and defendant’s truck-trailer in Chef Men-teur Highway where it is intersected by Werner Drive in the City of New Orleans.
Defendants answered and denied the existence of any negligence on the part of the operator of its truck, and in the alternative, pleaded the contributory negligence of plaintiff, George Teaplo.
From a judgment in favor of the defendants dismissing plaintiffs’ suit, they have prosecuted this appeal.
The record reveals that the vehicles collided in the intersection of Chef Menteur Highway and Werner Drive. At this point the highway is composed of four lanes, which are not divided by a neutral ground. Two lanes accommodate traffic moving eastward or away from New Orleans and the other two service traffic flowing westward or into the city.
On September 9, 1958, plaintiff, George Teaplo, was driving his truck in the right eastbound lane of the Chef Menteur Highway. When he reached Werner Drive he intended to execute a left turn in order to enter that roadway, which necessitated driving his vehicle across the eastbound left traffic lane of the highway. Meanwhile, as Teaplo prepared to execute the above ma-nuever, defendant’s truck, which was operated by Harvey Bagwell, was likewise traveling in an easterly direction in Chef Men-teur Highway at a speed of approximately 30 miles per hour. It moved from the right lane into the left outbound traffic lane in order to pass the plaintiffs’ vehicle, which was moving at a somewhat slower speed; when defendant’s truck was almost abreast of plaintiff’s truck, plaintiff began to execute a left turn, thus driving directly across the path of defendant’s vehicle. Hence the collision and resulting damages,, which form the subject matter of this litigation.
The trial judge obviously concluded from the foregoing facts that the accident resulted from the sole negligence of the plaintiff in endeavoring to execute a left turn across the highway before ascertaining that it was safe to do so.
Therefore, the only question posed for our consideration is whether the foregoing finding of fact and the conclusion predicated thereon by the trial judge is so erroneous and unsupported by the evidence as to warrant a reversal by us.
A careful examination of the record discloses that his conclusion is fully substantiated by virtue of the evidence inscribed! therein.
For the reasons assigned, the judgment appealed from is affirmed.
Affirmed.